Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000664
08-JUN-2018
07:58 AM

NO. CAAP-17-0000664

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
THADDEUS M. LUSTER, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(HONOLULU DIVISION)
(CASE NO. 1DTA-15-05236)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Thaddeus M. Luster (**Luster**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on July 5, 2017 (**Judgment**), in the District Court of the First Circuit, Honolulu Division (**District Court**).[1] Luster was convicted of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (Supp. 2017).[2]

---

[1] The Honorable Melanie M. May presided.

[2] HRS § 291E-61(a) states:

**§291E-61 Operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(continued...)

On appeal, Luster raises one point of error, contending that the District Court erred by denying his June 20, 2017 motion to suppress because he was not advised of his <u>Miranda</u> rights and did not waive his <u>Miranda</u> rights while being subjected to custodial interrogation during a traffic stop. Luster also submits that, without the improperly introduced evidence, there was no substantial evidence to support his conviction.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Luster's point of error as follows:

Luster claims that Officer Arthur Gazelle's (**Officer Gazelle**) observations of Luster's performance on the field sobriety tests, as a non-verbal communication, should have been suppressed. Luster does not dispute, however, that he was initially pulled over pursuant to a valid traffic stop after Sergeant Zane Hamrick (**Sergeant Hamrick**) observed Luster operating his vehicle at night without headlights, crossing broken white lines unsafely, and executing an improper left turn.[3]

---

[2](...continued)
    (1)   While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty; . . .

[3] Luster cites <u>State v. Tsujimura</u>, 140 Hawai'i 299, 400 P.3d 500 (2017), for the proposition that his post-seizure statements and non-verbal communicative responses were obtained in violation of his right to remain silent. In <u>Tsujimura</u>, the supreme court held that a person has the right to remain silent before an arrest is made. <u>Id.</u> at 310-11, 400 P.3d at 511-12. <u>Tsujimura</u>, however, is distinguishable because, in that case, the issue was whether the defendant's pre-arrest silence could be used against him substantively as an implication of guilt, not whether non-custodial, pre-
(continued...)

2

A defendant is not in custody for purposes of <u>Miranda</u> merely because he or she has been pulled over pursuant to a valid traffic stop. <u>State v. Kaleohano</u>, 99 Hawai'i 370, 376, 56 P.3d 138, 144 (2002). Here, Luster was not in custody merely by virtue of being pulled over during a traffic stop. Although Luster was asked to exit his vehicle, Luster was not subjected to custodial interrogation prior to or while performing the standardized field sobriety tests; therefore, he was not required to be advised of his rights under <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), based on these circumstances alone.

In addition, Sergeant Hamrick had specific articulable facts to warrant asking Officer Gazelle to administer the field sobriety test to Luster. Luster admits that he consented to participate in the field sobriety tests when asked. Under the totality of the circumstances, we conclude that Luster was not in custody based on the time, place, and length of the interrogation, the nature of the questions asked, and the conduct of the police at the time of the interrogation because he consented to participate in the field sobriety tests. <u>See</u> <u>State v. Kazanas</u>, 138 Hawai'i 23, 35-36, 375 P.3d 1261, 1273-74 (2016).[4]

---

[3](...continued)
arrest non-verbal communications made by a defendant can be used as evidence. <u>Id.</u> at 311-14, 400 P.3d at 512-15.

[4]    Similarly, in order for a defendant's statements to be admitted into evidence, it need not be shown that a defendant was advised of his or her rights, if the defendant's statements are not the product of custodial interrogation. <u>Kaleohano</u>, 99 Hawai'i at 377-78, 56 P.3d at 145-46. As stated above, Luster was not in custody and, thus, he was not subjected to custodial interrogation which required advisement of his <u>Miranda</u> rights. Accordingly, his further argument that his physical performance on the field sobriety test must be suppressed, as the "fruit of the poisonous tree" of a prior illegal
(continued...)

Admission of Luster's performance on the standardized field sobriety tests does not violate his right against self-incrimination. The right against self-incrimination is not necessarily implicated whenever a person suspected of criminal activity is compelled in some way to cooperate in developing evidence which may be used against him or her. State v. Wyatt, 67 Haw. 293, 302, 687 P.2d 544, 551 (1984). In Wyatt, the court stated that observations of a defendant's performance on field sobriety tests was an exhibition of physical characteristics of coordination. Id. at 303, 687 P.2d at 551. Thus, the Wyatt court held that since the performance on field sobriety tests was not communication nor testimony, the trial court did not err by refusing to suppress the field sobriety test observations. Id. at 301-03, 687 P.2d at 550-51. Luster makes no attempt to distinguish Wyatt. For these reasons, we conclude that Luster's point of error is without merit.

Luster also contends that, absent the erroneously admitted observations of his performance on the standardized field sobriety tests, there was not substantial evidence to support his conviction. However, as we have concluded that the District Court did not err by refusing to suppress observations of Luster's actions, we conclude that this argument is without merit.

4

Therefore, the District Court's July 5, 2017 Judgment is affirmed.

DATED: Honolulu, Hawai'i, June 8, 2018.

On the briefs:

Alen M. Kaneshiro,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge